UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                   :

GRISELLE VICIOSO,                        :

                          Plaintiff,        :

                                     :           21-cv-10116 (LJL)

        -v-                        :

                                     :        OPINION AND ORDER

SCOTT SHARINN; THE J.D. STUART LAW GROUP,  :
LLC; UNIFUND CCR PARTNERS; HENRY DALE,  :
MARSHAL OF THE CITY OF NEW YORK,       :

                                     :

                        Defendants.    :

                                   :
----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/22/2022

LEWIS J. LIMAN, United States District Judge:

      Plaintiff, *pro se*, filed this complaint against Henry Dale (sic), Marshal of the City of

New York, and Scott Sharinn, Esq., the J.D. Stuart Law Group, LLC, and Unifund CCR

Partners; a Buyer of Charged-off Debt, for "Trespass: Tort; Forgery; Use of fraudulent

instruments and bad faith to secure a certain Default Judgment and Writ of Execution" and seeks

an order declaring as void ab initio an income execution judgment entered against Plaintiff in the

Civil Court of the City of New York on June 19, 2006, in the amount of $14,957.18.  Dkt. No. 1

at 29.  Defendants move to dismiss for lack of jurisdiction and failure to state a claim for relief

and, as to Daley, insufficient service of process.  Dkt. Nos. 15, 18, 20, 23.

      For the following reasons, the motions to dismiss are granted.

## BACKGROUND

      Plaintiff filed her complaint against Defendants on November 22, 2021.  Dkt. No. 1.  The

somewhat rambling complaint alleges: "Trespass: Tort; Forgery; Use of fraudulent instruments

and bad faith to secure a certain Default Judgment and Writ of Execution" and seeks an order

declaring as void ab initio an income execution judgment entered against Plaintiff in the Civil

Court of the City of New York on June 19, 2006, in the amount of $14,957.18.  Dkt. No. 1 at 29.

The judgement was entered in favor of Unifund CCR Partners on the application of Sharinn on

behalf of The J.D. Stuart Law Group, LLC.  *Id.*  Plaintiff was required to submit a form

regarding the income that would be remitted to Henry Daley as Marshal of the City of New

York.  *Id.* at 33.  Plaintiff alleges that "she does not owe a certain sum of debt demanded, or any

part thereof, in any manner and form, and was never indebted in any manner and form." *Id.* at 3.

She appears to allege that the judgment was obtained based on the "use of un-verified fraudulent

instruments and unsworn testimony," and seeks to have the Court order that the judgment "and

all subsequent orders" are void ab initio and have no force of operation.  *Id.*  She invokes

jurisdiction under the Constitution of New York.  *Id.* at 4.  She alleges that she sent Sharinn a

rebuttal that she did not owe the amount due with an opportunity for him to cure, along with a

"Notice of Default," that Sharinn did not respond to and that accordingly her "claim has been

perfected" and defendants are in agreement that she does not owe the sum reflected in the

judgment.  *Id.* at 5.

        Defendants move to dismiss on numerous grounds including, in the case of Daley, for

lack of jurisdiction, insufficient service of process, and failure to state a claim for relief, Dkt.

Nos. 15, 18, and in the case of the other defendants, for lack of jurisdiction and failure to state a

claim for relief, Dkt. Nos. 20, 23.  Both motions were served on Plaintiff.  *Id.*  Plaintiff has not

responded to the motions.  On February 22, 2022, Plaintiff filed a motion for entry of default

final judgment.  Dkt. No. 25.  Both sets of defendants filed oppositions to that motion in light of

the fact that they have both appeared and filed motions to dismiss and served the oppositions on

Plaintiff by mail.  Dkt. Nos. 26, 28, 29.

On March 7, 2022, the Court held an initial pretrial conference as scheduled, but Plaintiff did not appear and, as a result, the Court canceled the conference.  On March 16, 2022, the Court entered an order (1) noting that it held an initial pretrial conference and Plaintiff did not appear, and that the scheduling order was mailed but returned as undeliverable; (2) denying the motion for default judgment in light of the fact that defendants have all appeared and filed motions to dismiss; (3) setting a deadline for Plaintiff to respond to the pending motions to dismiss for April 15, 2022, and noting that failure to respond may result in either the Court considering the motions as unopposed or dismissing the case for failure to prosecute; and (4) directing the Clerk of Court to mail the order to Plaintiff and defendants to send a copy of the order to Plaintiff by any means through which they have previously communicated with her.  Dkt. No. 30.  The record reflects that both the Clerk of Court and defendants mailed the order to Plaintiff at the address on the docket.  Dkt. No. 31.

On March 18, 2022, Plaintiff filed a motion to "set a hearing date."  Dkt. No. 32.  Both sets of defendants filed responses to the motion stating that a substantive hearing on the merits of Plaintiff's complaint is not warranted at this stage of the litigation.  Dkt. Nos. 33, 34.  On March 31, 2022, the Court entered an order (1) denying the motion to set a hearing date in light of the currently pending motions to dismiss; (2) noting again that it held a conference on March 7, 2021, at which Plaintiff did not appear, and rescheduling that conference to April 20, 2022; (3) directing the parties to submit a proposed Case Management Plan; (4) reminding Plaintiff to respond to the pending motions to dismiss by April 15, 2022, on pain that failure to respond may result either in the Court considering the motions to dismiss as unopposed or dismissing the case for failure to prosecute; and (5) directing both the Clerk of Court and defendants to send Plaintiff a copy of the order.  Dkt. No. 35.  The docket reflects that both did so.  Dkt. No. 36.

When Plaintiff failed to appear at the conference on April 20, 2022, that conference was canceled.  On April 21, 2022, Plaintiff filed a document entitled "Motion to Set a Hearing Date." Dkt No. 37.

## LEGAL STANDARD

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute.  Congress has granted those courts jurisdiction over two main kinds of cases.  District courts have power to decide diversity cases – suits between citizens of different States as to any matter valued at more than $75,000.  And they have power to decide federal-question cases – suits 'arising under' federal law." *Badgerow v. Walters*, 142 S. Ct. 1310, 1315–16 (2022) (internal citations omitted).  The burden is on the plaintiff to plead facts supporting the existence of federal jurisdiction.  *See Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002).  The Court construes the pleading of a pro se litigant liberally, but it may not overlook "[a] defect in subject matter jurisdiction . . . even when the defect originates with a *pro se* plaintiff."  *Keita v. McElroy*, 2003 U.S. App. LEXIS 6354, at *5 (2d Cir. Apr. 2, 2003) (citing *Moodie v. Federal Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995); *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## DISCUSSION

Plaintiff fails to plead any basis for federal jurisdiction.  She does not properly plead diversity jurisdiction.  Diversity jurisdiction requires (1) "complete diversity" among the parties, meaning "each plaintiff's citizenship must be different from the citizenship of each defendant," *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009); and (2) an amount in controversy in excess of $75,000, *i.e.*, that there exists a "reasonable probability" that the claims are in excess of the sum or value of $75,000, *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d

Cir. 2006).  With respect to the former requirement, a person is a citizen of the state in which she is domiciled (*i.e.*, has a physical presence and intent to stay indefinitely), *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *Universal Reinsurance Cor. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998), and "the citizenship of a limited liability corporation is determined by reference to the citizenship of its members," *Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006) (summary order).  With respect to the latter requirement, the naked assertion that the amount in controversy exceeds $75,000 does not control where a court can conclude from the face of the complaint and to a legal certainty that the plaintiff cannot recover the sum demanded.  *See, e.g.*, *Chase Manhattan Bank, N.A. v. Am Nat'l Bank and Trust Co. of Chi.*, 93 F.3d 1064, 1071 (2d Cir. 1996).

Plaintiff alleges neither complete diversity nor an amount in controversy in excess of $75,000.  She gives as her mailing address a Post Office Box in Camden, New Jersey, that belongs to her notary public.  Dkt. No. 1 at 4, ¶ 9; *see* Exs. D, E.  But the location where Plaintiff receives mail is not enough to establish Plaintiff's domicile.  *See Morrison v. Blitz*, 1996 WL 403034, at *3 (S.D.N.Y. July 18, 1996); *see also* § 3612 The Requirement and Meaning of Citizenship—Determination of a Person's Domicile, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed.) ("It very often has been said by federal judges in a tremendous number of judicial opinions that the domicile of a party to a diversity of citizenship case is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning.").  In her civil cover sheet filed with the Court, Plaintiff lists her residence as being in New York, New York, Dkt. No. 2, and from the documents attached to her complaint it appears that Plaintiff resided in New York, at

least at the time the income execution judgment was entered, Dkt. No. 1 at 29.  She also alleges that the J.D. Stuart Law Group, LLC is a limited liability company registered in the state of New York that regularly transacts business in the State of New York, Dkt. No. 1 at 4 ¶ 11–12, but she provides no information about its members or their citizenship.  She states with respect to Sharinn and Daley only that they regularly transact business in the State of New York and in this Judicial District.  Dkt. No. 1 at 4 ¶¶ 10, 13.  She provides no information with respect to Unifund CCR Partners.  There is thus no complete diversity.

With respect to the amount in controversy, Plaintiff demands "punitive damages for its malice or reckless indifference to her federal secured and protected rights described above for said sum of thirty-five thousand dollars ($35,000) times treble damages as the penalty under the laws aforesaid, and for her costs in this suit."  Dkt. No. 1 at 6 ¶ C.  But Plaintiff pleads no facts supporting that such a remedy is available under statute, case law, or otherwise.  *See Ratcliff v. Greyhound Lines, Inc.*, 2018 WL 10945322, at *2 (S.D.N.Y. Nov. 20, 2018), *aff'd sub nom. Ratcliff v. Greyhound Bus Lines, Inc.*, 792 F. App'x 121 (2d Cir. 2020).

Indeed, although "[c]laims for punitive and exemplary damages may be considered in determining the amount in controversy, . . . they are 'to be given closer scrutiny than a claim for actual damages when calculating a jurisdictional amount,'"  *Mehmet v. Gautier*, 2019 WL 4805859, at *3 (S.D.N.Y. Sept. 30, 2019) (quoting *Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 54 (2d Cir. 2018)); *see also Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 (2d Cir. 1972) ("[T]he trial court is plainly not compelled to accept a claim of punitive damages . . . made for the purpose of conferring federal jurisdiction."), *aff'd*, 414 U.S. 291 (1973).

Plaintiff also does not plead federal question jurisdiction, *i.e.*, that her claims arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  She pleads only that her

rights under the Constitution of New York were violated.  Dkt. No. 1 at 3.  She does not assert a claim created by federal law or that necessarily depends on the resolution of a substantial question of federal law.  From the face of the complaint, she raises only a state law question, if that.

The complaint therefore is dismissed without prejudice.  If Plaintiff does not file an amended complaint within 30 days of the date of this Order, the Court will close the case.

## CONCLUSION

The motions to dismiss are GRANTED.  The motion at Docket No. 37 is DENIED. Plaintiff has 30 days to file an amended complaint, and, if she does not do so, the case will be closed.

The Clerk of Court is respectfully directed to close Dkt. Nos. 15, 18, 20, 23 and to mail a copy of this Opinion and Order to Plaintiff.


SO ORDERED.

Dated: April 22, 2022
       New York, New York                    _____
                                                    LEWIS J. LIMAN
                                             United States District Judge